UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-1153 FMO (AJWx)** | Date | **March 4, 2016** |
|---|---|---|---|
| Title | **Linares v. Ann Inc., et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:** (In Chambers) Order to Show Cause Re: Remand

Jurisdiction in this case is asserted on the basis of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (See Dkt. 2, Notice of Removal ("NOR") at 2). "CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)." United Steel, et al. v. Shell Oil Co., 602 F.3d 1087, 1090-91 (9th Cir. 2010). Under that provision, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2).

Having reviewed the NOR, the court questions whether the claims of the individual class members exceed $5,000,000 in the aggregate. See 28 U.S.C. § 1332(d)(2); Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014) ("Evidence establishing the amount is required . . . when the plaintiff contests, or the court questions, the defendant's allegation."). Here, the NOR does not provide sufficient facts that would assist the court in evaluating its jurisdiction. Accordingly, IT IS ORDERED that:

1. No later than **March 11, 2016,** defendants shall show cause in writing why this action should not be remanded for the reasons noted above. This deadline shall not extend the time for responding to any motion for remand filed by plaintiff. **Failure to respond to the OSC by the deadline set forth above shall be deemed as consent to the remand of the action to state court.**

2. Plaintiff shall file a reply to defendant's OSC response no later than **March 18, 2016.**

3. If plaintiff wishes to file a motion for remand, he must do so no later than thirty days after the filing of the Notice of Removal. See 28 U.S.C. § 1447(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-1153 FMO (AJWx)** | Date | **March 4, 2016** |
|---|---|---|---|
| Title | **Linares v. Ann Inc., et al.** | | |

   4. A copy of all papers filed with the court shall be delivered to the drop box outside chambers at Suite 520, Spring Street Courthouse, 312 North Spring Street, **no later than 12:00 noon on the following business day**. All chambers copies shall comply fully with the document formatting requirements of Local Rule 11-3, including the "backing" requirements of Local Rule 11-3.5. Counsel may be subject to sanctions for failure to deliver a mandatory chambers copy in full compliance with this Order and Local Rule 11-3.

                            00 : 00

                  Initials of Preparer  vdr