UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1153 FMO (AJWx) | Date | March 30, 2016 |
|---|---|---|---|
| Title | Steven Linares v. Ann Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Remanding Action

On December 29, 2015, plaintiff Steven Linares ("plaintiff") filed a class action Complaint in the Los Angeles County Superior Court against Ann Inc. and AnnTaylor Retail, Inc. (collectively, "defendants"). (See Dkt. 2, Notice of Removal of Action ("NOR") at 1; Dkt. 2-1, NOR, Exh. A ("Complaint") at 1). Plaintiff, a former employee of defendants, asserts seven claims for relief under California law: (1) unpaid overtime in violation of Cal. Labor Code §§ 510 & 1198; (2) unpaid minimum wages in violation of Cal. Labor Code §§ 1182.12, 1194, 1197 & 1197.1; (3) failure to provide meal periods in violation of Cal. Labor Code §§ 226.7 & 512(a); (4) failure to provide rest periods in violation of Cal. Labor Code § 226.7; (5) waiting time penalties pursuant to Cal. Labor Code §§ 201 & 202; (6) unlawful business practices in violation of Cal. Bus. & Prof. Code §§ 17200, et seq.; and (7) unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200, et seq. (See Dkt. 2-1, Complaint at ¶¶ 36-89). Plaintiff seeks to represent a class of persons who are or were employed by defendants as non-exempt, hourly-paid Sales Associates, Stock Associates, or Sales Leads at any of defendants' California stores within four years prior to the filing of his Complaint. (See id. at ¶ 14). Plaintiff seeks to recover both damages and attorneys' fees. (See id. at 20, Prayer for Relief).

On February 18, 2016, defendants removed this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (See Dkt. 2, NOR at 1). On March 4, 2016, the court issued an order to show cause questioning "whether the claims of the individual class members exceed $5,000,000 in the aggregate." (See Dkt. 11, Court's Order of March 4, 2016 ("OSC") at 1). Defendants responded to the OSC (see Dkt. 12, Defendants' Response to Order to Chow Cause Regarding Remand ("Response")) and plaintiff filed a reply. (See Dkt. 14, Plaintiff's Reply to Defendants' Response to Order to Show Cause Regarding Remand ("Reply")).

**LEGAL STANDARD**

Removal of a civil action from the state court where it was filed is proper if the action might have originally been brought in federal court. See 28 U.S.C. § 1441(a) ("[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-1153 FMO (AJWx)** | Date | **March 30, 2016** |
|---|---|---|---|
| Title | **Steven Linares v. Ann Inc., et al.** | | |

courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"). "CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)." United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co., 602 F.3d 1087, 1090-91 (9th Cir. 2010); see Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1195 (9th Cir. 2015) ("A CAFA-covered class action may be removed to federal court, subject to more liberalized jurisdictional requirements[.]"). Under CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2).

"[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014). However, "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) ("The burden of establishing federal jurisdiction is upon the party seeking removal[.]"). "A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." Rodriguez v. AT&T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir. 2013). "When plaintiffs favor state court and have prepared a complaint that does not assert the amount in controversy, or that affirmatively states that the amount in controversy does not exceed $5 million, if a defendant wants to pursue a federal forum under CAFA, that defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5 million, to satisfy other requirements of CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one." Ibarra, 775 F.3d at 1197. "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." Id. at 1198.

**DISCUSSION**

In the NOR, defendants calculate the amount in controversy as at least $6,238,000, consisting of: (1) $3,686,400 for plaintiff's waiting time penalties claim; (2) $1,304,000 for plaintiff's unpaid rest period claim; and (3) $1,247,600 for an award of attorneys' fees.[1] (See Dkt. 2, NOR at ¶ 28). Plaintiff urges the court to remand this action, arguing that defendants fail to meet the $5 million jurisdictional threshold because they do not provide "a solid evidentiary basis for their

---

[1] Defendants offer no evidence or argument with respect to plaintiff's other five claims. (See, generally, NOR).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-1153 FMO (AJWx)** | Date | **March 30, 2016** |
|---|---|---|---|
| Title | **Steven Linares v. Ann Inc., et al.** | | |

figures[,]" but instead "substitute[] mere speculation for supporting facts[.]"  (See Dkt. 14, Reply at 1).

Defendants begin their damages calculation by identifying 3,840 putative class members and then applying a 100% violation rate for both the waiting time penalties claim and the unpaid rest period claim.  (See Dkt. 2, NOR at ¶¶ 21-22 & 25).  Defendants do not, however, submit any evidence to support the validity of a 100% violation rate.  (See, generally, Dkt. 2, NOR; Dkt. 12, Response).  "[C]ourts disavow the use of a 100% violation rate when calculating the amount in controversy absent evidentiary support."  Moreno v. Ignite Restaurant Group, 2014 WL 1154063, *5 (N.D. Cal. 2014); see also Weston v. Helmerich & Payne Int'l Drilling Co., 2013 WL 5274283, *6 (E.D. Cal. 2013) ("Because Defendant fails to provide any facts supporting the calculations based upon 100% violations, Defendant has failed to carry the burden to demonstrate by a preponderance of the evidence that the amount of damages in controversy exceeds $5,000,000."); Roth v. Comerica Bank, 799 F.Supp.2d 1107, 1126 (C.D. Cal. 2010) (refusing to infer a 100% violation rate based on "[s]tatements suggesting that overtime violations, missed meal and rest periods, untimely payment of wages, and/or provision of inaccurate wage statements occurred 'regularly and/or consistently' or even 'often'").  Instead, "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure."  Ibarra, 775 F.3d at 1198.

Defendants claim that "the declarations originally submitted with [the NOR] contained more than sufficient detail to support removal," (see Dkt. 12, Response at 3), but those declarations contain no information regarding the number or percentage of putative class members who would recover under plaintiff's claims.  (See, generally, Dkt. 2-3, NOR, Exh. C , Declaration of Marisa Baldwin in Support of Defendants' Notice of Removal; Dkt. 2-4, NOR, Exh. D, Declaration of Stephanie Trezza in Support of Defendants' Notice of Removal).  Nor is such information contained in the supplemental declarations submitted with defendants' Response.  (See, generally, Dkt. 12-1, Supplemental Declaration of Stephanie Trezza in Support of Defendants' Notice of Removal ("Trezza Decl."); Dkt. 12-2, Supplemental Declaration of Marisa Baldwin in Support of Defendants' Notice of Removal ("Baldwin Decl.").  In the absence of evidence regarding how many class members were not allowed to take lawfully owed rest periods and how many were not paid in a timely manner after termination, the court has no basis from which to infer a 100% violation rate.  See, e.g, Roth, 799 F.Supp.2d at 1126 ("Nor have defendants adduced evidence that would permit the court to draw an inference that these violations occurred with the frequency defendants presume[.]"); Moreno, 2014 WL 1154063, at *5 ("Defendants do not provide any support of a 100% violation rate, such as evidence based on their records or a random sampling.").

After assuming a 100% violation rate, defendants continue their calculation by making assumptions about the degree of injury suffered by each putative class member.  Specifically, defendants assume that every class member missed one rest period every week (see Dkt. 12,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-1153 FMO (AJWx)** | Date | **March 30, 2016** |
|---|---|---|---|
| Title | **Steven Linares v. Ann Inc., et al.** | | |

Response at 6) and that every class member is entitled to the maximum waiting time penalties. (See id. at 7). But defendants do not submit any evidence to support these figures. (See, generally, Dkt. 12-1, Trezza Decl.; Dkt. 12-2, Baldwin Decl.).

The record casts serious doubt on these figures. For example, to calculate the number of weeks in which putative class members missed a rest period, defendants include "[a]ny week in which [a class member] worked more than zero hours[]." (See Dkt. 12-1, Trezza Decl. at ¶ 5). This calculation is overly broad; the Complaint alleges that class members are not entitled to a rest period when "the total daily work time is less than three and one-half (3 ½) hours," (see Dkt. 2-1, Complaint at ¶ 63), so a class member could work nearly 17 ½ hours per week without a rest period and still not be entitled to recover from defendants. This means defendants' methodology likely captured many former employees who are not entitled to relief. Similarly, defendants' assumption that every class member would recover the full "[t]hirty days of waiting-time penalties" is unfounded. (See Dkt. 2, NOR at ¶ 22; Dkt. 12, Response at 15-16). In his Complaint, plaintiff alleges that he received his payment "several days after his last day of work." (See Dkt. 2-1, Complaint at ¶ 72). Defendants offer no evidence to show that, unlike plaintiff, every other class member waited 30 days for payment instead of several days.

Finally, defendants finish their calculation by adding attorneys' fees in the amount of 25% of their damages figures. (See Dkt. 2, NOR at ¶¶ 27-28). "[C]ourts are split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case." Hernandez v. Towne Park, Ltd., 2012 WL 2373372, *19 (C.D. Cal. 2012) (collecting cases); see Reames v. AB Car Rental Servs., Inc., 899 F.Supp.2d 1012, 1018 (D. Or. 2012) ("The Ninth Circuit has not yet expressed any opinion as to whether expected or projected future attorney fees may properly be considered 'in controversy' at the time of removal for purposes of the diversity-jurisdiction statute, and the decisions of the district courts are split on the issue."). The court is persuaded that "the better view is that attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal." Dukes v. Twin City Fire Ins. Co., 2010 WL 94109, *2 (D. Ariz. 2010) (citing Abrego, 443 F.3d at 690). Indeed, "[f]uture attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' at the time of removal." Id.; accord Palomino v. Safeway Ins. Co., 2011 WL 3439130, *2 (D. Ariz. 2011). Here, defendants provide no evidence of the amount of attorney's fees that were incurred at the time of removal. (See Dkt. 2, NOR at ¶¶ 27-29; Dkt. 12, Response at 19).

In sum, defendants fail to submit the required "summary-judgment-type evidence" regarding: (1) the number of class members who could recover under plaintiff's claims; (2) the extent of damages suffered by those class members; and (3) the amount of attorney's fees that may properly be considered in controversy at the time of removal. See Abrego, 443 F.3d at 685 ("[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."). Defendants have therefore failed to "demonstrate, by a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 16-1153 FMO (AJWx) | Date | March 30, 2016 |
|---|---|---|---|
| Title | Steven Linares v. Ann Inc., et al. | | |

preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." Rodriguez, 728 F.3d at 981 (9th Cir. 2013).

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1.  The above-captioned action shall be remanded to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, California 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2.  The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |